### RUSSELL v. HITCHCOCK.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

1. WITNESSES—COMPETENCY—OBJECTION TO TESTIMONY.
    Where, in an action by a physician against an administrator to recover for services rendered the intestate, an offer by plaintiff to prove the delivery of annual statements to deceased was objected to as involving a personal transaction with the deceased, contrary to the provisions of section 829 of the Code of Civil Procedure, and subsequently, during the trial, various portions of plaintiff's testimony were objected to on the ground that it was "incompetent and improper" under such section, and "obnoxious to the provisions of section 829 of the Code," such objections were sufficiently specific to permit defendant to complain of the overruling of such objections, on the ground that thereby plaintiff was permitted to testify against the administrator to personal transactions had with deceased.
    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 211–213; vol. 50, Cent. Dig. Witnesses, § 729.]

2. SAME—TESTIMONY AS TO PERSONAL TRANSACTIONS.
    In an action by a physician against an administrator to recover for services rendered the intestate, plaintiff testified that he saw deceased on the dates specified in his account; that he had made annual statements, and delivered some of them personally to the deceased; that all the prescriptions charged in the bill were actually made by him—and stated the dates when he saw deceased either at her home or in his

office. *Held*, that such testimony was incompetent, under Code Civ. Proc. § 829, relating to testimony as to transactions with a decedent.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 664.]

Appeal from Judgment on Report of Referee.

Action by Joseph G. Russell against William L. Hitchcock, as administrator of the goods, etc., of Catalina V. N. McNitt, deceased. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Westfall & Hill, for appellant.

Abner Robertson, for respondent.

HOUGHTON, J. The action is to recover for medical services performed by the plaintiff for defendant's intestate, embracing many visits and special treatments, covering several years. On the trial the plaintiff, as a witness in his own behalf, was permitted to testify, against the defendant's objection, while looking at his account book to refresh his recollection, that he saw the intestate on the several hundred dates which he specified, and that all the visits which he had charged in his account against her had in fact been made by him, and that he had made annual statements of the account, and had delivered some of them personally to the deceased. The objections of the defendant to the testimony sought to be given by the plaintiff in his own behalf were repeated and numerous. The plaintiff was one of the first witnesses called, and, after testifying to his residence and that he was a physician, and that he knew the deceased in her lifetime, and was called to attend her professionally, was shown the bill which he had prepared against her estate, and upon which the action was brought, and was asked if all the visits therein charged against her estate were made by him. To this objection was made that the evidence was "obnoxious to the provisions of section 829 of the Code." The objection was overruled, and an exception taken, and he answered that they were. Whereupon the further question was asked, if all the prescriptions and disbursements charged in the bill were actually made by him; and to this evidence objection was made "as being incompetent and improper under the provisions of section 829 of the Code," and the witness was permitted to answer that they were, to which the defendant excepted. Further on, the witness, having his account book before him, was asked to state what services he rendered to the deceased, "carefully excluding any personal transaction or communication with her"; and to this question objection was made "as incompetent, as asking for a personal transaction with a deceased person; not competent under section 829 of the Code." This objection was overruled, and the witness answered that from August 29, 1889, until January 10, 1903, he made innumerable visits to the deceased, gave prescriptions and sent medicines to her, and proceeded, evidently, to read from his book the dates and charges which he had made. Thereupon objection to this line of testimony was taken,

and a motion made to strike it out "as incompetent and improper under sections 829 and 834 of the Code, as it necessarily involves personal transactions and communications between the plaintiff and the deceased." The referee sustained the objection on the ground that the plaintiff appeared to be testifying from his account book, and should only testify from recollection. After the witness had stated that looking at his account book did refresh his recollection with respect to the times of his visits, he was asked to go on and state every date and every time he saw the deceased at her home or in his office from 1889 to her death, in 1903. Amongst other objections made to this question, one was that "it is incompetent and improper under the provisions of section 829 of the Code." Thereupon the witness was permitted to give the date and place of several hundred visits made by him to the deceased. Exceptions were taken to these various rulings, and at the close of the case the defendant moved to strike out the testimony of the plaintiff as to the numerous times when he saw the plaintiff, on the ground that its only relevancy rested upon an inference of a personal transaction with the decedent, upon which the claim for services was based, and that it constituted a personal transaction prohibited by section 829 of the Code of Civil Procedure. The referee reserved decision upon this motion, to which the defendant took an exception. The motion does not appear ever to have been decided.

We have been thus specific in pointing out the character of the objections made, and the course of the trial, because it is claimed that the objections were not sufficiently specific to permit defendant now to insist that error was committed in permitting the plaintiff to testify against the defendant administrator to personal transactions had with the deceased person whom he represented. It is true that a general objection to the competency of evidence does not raise the question of the incompetency of the witness to testify upon the subject. Stevens v. Brennan, 79 N. Y. 255. So, too, it has been said that an objection that the witness was not competent to testify under section 829 was unavailing, because too general. Sanford v. Ellithorp, 95 N. Y. 52; Ham v. Van Orden, 84 N. Y. 271. Reference to these latter cases, however, will show that the objection under consideration was held not good upon the broad ground that objection was made to the witness testifying at all, rather than testifying as to any personal transactions with the deceased person. A party or person interested in the event is a competent witness for some purposes, and is only prohibited from testifying to personal transactions or communications with the deceased. It is manifest that a general objection to his testifying would not raise the question as to his violating the provisions of the Code. The office of an objection is to bring before the minds of the court and the opposing counsel the distinct ground relied upon, so that the court may rule intelligently, and counsel may be advised of the risk they are taking, and avoid it if they choose. Hoag v. Wright, 174 N. Y. 36, 40, 66 N. E. 579, 63 L. R. A. 163. The plain and proper objection would have been that the witness was incompetent to answer the question because it involved a personal transaction between him

and the deceased, prohibited by section 829 of the Code.    We think both the referee and the opposing counsel must have so understood the various and varied objections of defendant.    Besides, the objection to proof by plaintiff that he delivered annual statements to the deceased, occurring at an early period in his examination, was upon the specific ground that the testimony involved a personal transaction with the deceased, contrary to the provisions of the section; thus, in the beginning, pointing out what was meant in the objections by reference to violations of section 829 of the Code. The evidence permitted to be given by the plaintiff was material and pertinent.    The delivery of annual statements to the deceased, and the keeping of them by her without objection, bore upon their correctness, and her acquiescence in the amounts charged against her.    But few of plaintiff's professional visits were proved by other witnesses.    The account book was attacked, and his evidence that he saw the deceased on the many dates therein contained had no pertinency, other than that he performed professional services for her at such times.    The evidence which the plaintiff was permitted to give plainly related to personal transactions between himself and the deceased, and was prohibited by section 829 of the Code. Clift v. Moses, 112 N. Y. 426, 20 N. E. 392.    The defendant's objections were sufficient, and his exceptions well taken.

In view of the conclusions to which we have arrived, consideration of the additional errors urged is unnecessary.

The judgment must be reversed, the referee discharged, and a new trial granted, with costs to the appellant to abide the event. All concur.